No. 86.—JACOB CLARK, for use, &c. plaintiff in error, *vs.* JEREMIAH B. TUGGLE, defendant in error.

[1.] The general rule is, that two suits between the same parties, for the same subject-matter, cannot be prosecuted at the same time; and there is no reason why a proceeding by attachment, and another by bail writ, sued out at the same time, and between the same parties, and on the same subject-matter, should form an exception to the rule.

[2.] Such a proceeding cannot, by construction, properly be brought within the provisions of our Statute, authorizing the suing out of attachments *pendente lite.*

Attachment, in Macon Superior Court. Tried before Judge POWERS, April Term, 1855.

. On the 31st day of July, 1854, A. B. Ross, as agent for plaintiff in error, sued out an attachment against the defendant; and at the same time, commenced an action of debt against the defendant, in which he required bail. The two · processes were placed in the hands of the Sheriff, on the same day. On the 1st day of August, 1854, the Sheriff levied the attachment on certain property of the defendant; and on the 5th day of the same month, he arrested the defendant under the bail process. The two cases were returned to Court, and the plaintiff obtained a verdict in the bail case. When the attachment was called by the Court, the defendant moved to dismiss it.

The Court sustained the motion, and plaintiff excepted.

COOK & MONTFORT, for plaintiff in error.

MILLER & HALL, for defendant.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] We recognize the general rule, that two suits between the same parties, for the same subject-matter, cannot be prosecuted at the same time; and the exception as to mortgages, where the suit or action for the foreclosure and that for the debt, to secure which the mortgage was executed, may be prosecuted at the same time.

No reason occurs to us why an exception should be made of a proceeding by bail process and by attachment, on the same subject-matter, and between the [same parties, at the same time prosecuted.

The attachment is an extraordinary proceeding, in derogation of Common Law; and our Statutes authorizing the remedy, have been always subjected to strict construction in our Courts. This would seem to be a sufficient reason, if there

were none other, why the exception should not be made in this.case.

It may be added, that our Legislature has given its sanction to this view of the subject, by passing the Act which authorizes the issuing of attachments *pendente lite.* That Statute may be.regarded as a legislative declaration, that special legislative action was necessary in order to authorize a plaintiff to proceed by attachment, when he had another action pending against the defendant on the same subject-matter.

[2.] It has been argued, that the proceeding in this case, is in the nature of an attachment sued out *pendente lite;* but this is not correct. Both the processes bear date on the same day, and the attachment was served some five days before the bail writ.

It has been suggested, too, that though that be so, yet, the case, perhaps, may be placed within the.reason and spirit of the Act.

The reason which, as we have already.said, requires our Attachment Laws to be strictly construed, here interposes and forbids that this free construction should be given.to the Act.

It was. easy. for the Legislature to have provided for such a.state of facts, when they passed the law; and not having done so, we do not feel authorized to strain the construction. of an Act which provides this extraordinary remedy, and is in derogation of Common Law.

Let the judgment be affirmed.