### ABRAHAM STEERS v. JOHN C. SHAW.

A judgment was obtained in the State of New York upon certain notes. A new action was afterwards begun in this state upon the same notes. Later an action between the same parties was begun in this state upon the New York judgment. *Held*, that a plea in abatement filed in the last action setting up the pendency of the action upon the notes, was bad, as the respective causes of action were not the same.

On motion to strike out a plea as frivolous.

Argued at November Term, 1890, before Justices KNAPP and REED.

For the motion, *Gilbert Collins.*

*Contra, Richard V. Lindabury.*

The opinion of the court was delivered by

REED, J. The declaration, in answer to which the plea attacked was filed, was upon a judgment obtained in an action by the plaintiff against the defendant in the State of New York. The plea is one in abatement of the present action. The ground for such abatement is alleged to be the pendency of another suit in this jurisdiction between the same parties for this identical cause of action.

There appear irregularities in the manner in which the plea was verified, but these defects were waived, so that the important point involved can be settled. As already observed, the present action is brought upon a judgment entered in the State of New York.

This judgment was obtained in an action upon certain promissory notes of the defendant held by the plaintiff.

After the judgment was entered in the State of New York, another action upon the same notes was commenced by the same plaintiff against the same defendant in this state.

While this last mentioned action was still pending undetermined, the present action by the same plaintiff against the same defendant was commenced in this state upon the New York judgment. The plea sets up the pendency of the action upon the notes in abatement of the later action upon the judgment. I think that the plea is bad.

To afford a ground for an abatement of one action because another action is pending between the same parties, the cause of action in both suits must be identical.

It appears in this case that an action brought to recover the amount of the notes, already mentioned, ended in the entry of a judgment for the plaintiff in a sister state, in a court having jurisdiction over the parties and over the subject matter of the action.

The effect of the entry of that judgment was to extinguish the notes as a new cause of action. By force of the maxim *transit in rem judicatam*, the simple contract was transmuted into a matter of record. *Broom Max.* 330.

Although a judgment of a court of another state, it, by virtue of the constitutional requirement in respect to the efficacy to be given to the records of other states, has here the force of a common law domestic judgment.

The effect of a judgment at common law is to practically destroy, so long as it exists, the ground upon which it rests. *Barnes & Drake* v. *Gibbs et al.*, 2 *Vroom* 317.

Every judgment is to be regarded as a new debt, and though the cause of action may have arisen in tort, the judgment is not, therefore, any the less a contract.

It may be the foundation for an action of debt, or be interposed as a set off. The judgment becomes, not merely evidence of a former debt or liability, but a new debt. It is an adjudicated debt, provable by the record of such adjudication alone. If this new debt, emerging from the litigation, is

destructive of the cause of action, it cannot be said that the
judgment and the cause of action remain the same.

Identity cannot be predicated of the existent and the non-
existent.

Again, a crucial test of the identity of the two causes of
action is to consider whether the same evidence will support
both actions. *Broom Max.* 305.

If this identity of evidence be found, it will make no dif-
ference that the form of the two actions is not the same.
*Freem. Judg.* 259.

But if the evidence which will support one action would
not have entitled the plaintiff to recover in the other, there
exists no identity. *Stowell* v. *Chamberlain*, 60 *N. Y.* 272;
*Martin* v. *Kennedy*, 2 *Bos. & P.* 69.

It is apparent that in the two actions involved in this
discussion the evidence required to support each is entirely
distinct.

In the second action the record of the New York judg-
ment is plenary proof of a right to a recovery.

In the first the execution of the notes must be proved.

The evidence in one action would be entirely irrelevant as
a support of the claim of the plaintiff in the other suit.

Again, if the pendency of the action upon the notes can be
pleaded in abatement of the action upon the judgment, it
must follow that had the judgment been reached in the first
action it could be pleaded in bar of the second. *Beyersdorf*
v. *Sump*, 39 *Minn.* 495.

Both kind of pleas rest upon the maxim *nemo debet bis
vexari pro una et eadem causa.*

Both are grounded upon identity of the parties and subject
matter.

· They differ in the particular that the action, when invoked
in abatement, is pending, and when interposed in bar has
passed on to judgment.

Now, it appears of course that the judgment in New York
is a complete answer in bar of the action now pending upon
the notes.

But suppose the action should have been retried upon its merits and a new judgment made up.

It cannot be perceived that such new judgment would, in the least, affect the one already existing.

If the new judgment happened to be in favor of the defendant it would in no way destroy the force of the former adjudication against him, and much less would it affect it if the result of the last trial should again be against the defendant.

Even a new judgment obtained in an action brought upon the judgment already existing would not affect the latter. It would not extinguish it, for no merger would result, because both judgments would be of equal dignity as debts of record. *Jackson* v. *Shaffer*, 11 *Johns.* 512; *Andrews* v. *Smith*, 9 *Wend.* 53; *Mumford* v. *Stocker*, 1 *Cow.* 178; *Weeks* v. *Pearson*, 5 *N. H.* 324.

If the already existing judgment would still stand unaffected by the result in the second action, then all its attributes, including its suability, would remain.

A judgment, as the foundation of an action, stands upon a peculiar footing. It, as a ground for an action, is not merged in the judgment obtained in the action. This may lead to the existence of two or more judgments in the same jurisdiction arising indirectly out of the same obligation.

For the moment it is admitted that an action will be upon a domestic judgment this result necessarily follows. That such an action lies is the undisputed rule, and that it lies at the discretion of the plaintiff is the prevailing rule. *Freem. Judg.* 432; *Linton* v. *Hurley*, 114 *Mass.* 76; *Mumford* v. *Stocker*, 1 *Cow.* 178; *Executors of Barracliff* v. *Administrators of Griscom*, *Coxe* 193; *Miller* v. *Miller*, 2 *South.* 508.

I know of no rule which prevents cumulative actions upon judgments, and therefore the pendency of one suit cannot be pleaded in abatement of another.

Much less, therefore, would the pendency of an action upon a matter *dehors* the record be pleadable in abatement.

Of course, courts will see that cumulative judgments shall not be used to compel double satisfaction.

By virtue of the equitable control possessed by each court over its judgments it will order satisfaction to be entered when the single amount due, although secured by numerous judgments, is paid.

The plea is ordered struck out.