JOHN C. WESTERVELT *et al.* v. LAWRENCE M. JONES AND JOHN L. JONES.

No. 309.

1. PLEADING — *Written Instrument—Answer not Verified.* Where an action is founded upon a written instrument, a copy of which is set up in the petition, and the answer thereto is not verified, the execution of said instrument is admitted.

2. ————  ———— *Impeachment for Fraud, Accident, or Mistake.* When the execution of a written instrument is admitted by the pleadings, its legal effect must of necessity follow; and what its legal effect is, is purely a question of law for the court to determine. But this does not prevent the defendants from impeaching said contract for fraud, accident or mistake in the execution thereof.

3. ABATEMENT — *Another  Action  Pending — Second  Action Barred.* This action was brought upon a written instrument, and as a defense thereto the defendant plead the pendency of another suit between the same parties upon the same cause of action and for the same relief; and it appeared from the evidence that the action pleaded in bar was upon a judgment rendered by a court in Illinois upon the same written instrument sued on herein, and the recovery sought in that case was primarily the same as in this. *Held,* That the pendency of the first case was a bar to the prosecution of the second.

4. ————  ———— *Effect of Proceedings in Supreme Court.* Before the trial in the second case, the court had sustained a

demurrer to the petition in the first, and the plaintiff had elected to stand upon his petition as filed, and immediately began proceedings in the supreme court to reverse said judgment sustaining the demurrer. *Held*, That the action was still pending, and a bar to the prosecution of the second suit.

Error from Wyandotte district court; HENRY L. AL-DEN, judge. Opinion filed March 2, 1898. Affirmed.

THE petition filed in the court below alleges the facts in this case to be about as follows : In October or November, 1885, Leonidas Doty recovered a judgment in the courts of Illinois against H. T. Joplin for the sum of $265, and at the same time Joplin had an action pending in the same court against Lawrence M. Jones, John L. Jones, and C. C. Ross. On the 11th day of November, 1885, Lawrence M. Jones and John L. Jones entered into a contract with Joplin by which the Joneses agreed to pay the judgment against Joplin in favor of Doty, in consideration of the dismissal of the suit against them. The Joneses failed to pay the judgment, but left the state of Illinois about a year after making said contract, and came into this state on September 20, 1889, and not before. The petition asked judgment for said $265, with interest from November 11, 1885.

To this petition the defendants answered by a general denial, and plead mistake, accident or fraud in the making of said contract, and also plead the statute of limitations and the pendency of another action between the same parties concerning the same subject-matter. The answer was unverified. To this answer a general denial was filed in reply, and the matter tried to a jury, which found for the defendants. The verdict was approved by the court and judgment rendered accordingly, and the case regularly brought here for review.

*George W. Littick*, and *D. B. Van Syckel*, for plaintiffs in error.

*Samuel Maher*, for defendants in error.

The opinion of the court was delivered by

WELLS, J. : Our attention is first called to a motion to dismiss these proceedings in error for the reason that it does not appear from the case made that the motion for a new trial was filed during the same term of court at which judgment was rendered. This motion must be overruled, on the authority of *Brewing Co. v. Duncan*, 6 Kan. App. 178.

The first question that attracts our attention in this case is, What were the issues raised in the case by the pleadings? The answer being unverified, the execution of the instrument sued on was admitted. (Code, § 108.) '' When the execution of a written instrument is admitted by the pleadings, its legal effect must of necessity follow ; and what its legal effect is, is purely a question of law for the court to determine.'' (*Reed v. Arnold*, 10 Kan. 104 ; *Pears v. Wilson*, 23 id. 343 ; *Walker v. Fleming*, 37 id. 171, 14 Pac. Rep. 470.) But does it necessarily follow that no evidence can be introduced to impeach the written agreement or to show that it was made by fraud or mistake? A careful examination of this question convinces us that it must be answered in the negative. The legal effect of the answer is the same as if the defendants had expressly admitted the execution of the contract, but averred that the same was procured by fraud, accident, or mistake. Under such an answer, they had the right to prove those facts if they existed, and there was no error in allowing them to do so.

The next question is, Was there error in the admis_

Westervelt v. Jones.

sion of evidence or in the instruction to the jury in relation to another suit pending between the same parties in which the same subject-matter was being litigated? It is contended by the plaintiffs in error that there was no identity of the cause of action or the thing sued for in this case with that in the former suit. We think there was such identity. Both actions rested for their primary foundation upon the stipulation sued on herein; one directly, the other indirectly through the judgment of the Illinois court. There can be no question but that a recovery on one would be an absolute bar to the other.

It is further argued that, as a demurrer to the petition had been sustained by the court in the first action previous to the trial in this, there was therefore nothing pending therein, although proceedings in error had been begun to reverse the ruling upon the demurrer. It was held by the United States supreme court, in *Nations v. Johnson et al.*, 24 How. 205, that a writ of error is "rather a continuation of the original litigation than the commencement of a new action."

The supreme court of California, in *Fisk v. Atkinson*, 71 Cal. 452 (12 Pac. Rep. 498), held that "an action commenced during the pendency of an appeal from a judgment sustaining a demurrer to plaintiff's complaint, in a suit on the same cause of action brought by the same plaintiff against the same defendant, will be abated." Although the proceeding to reverse a decision of the lower court is somewhat different in California from that here, the principle is the same. The instructions complained of were properly given and were a correct statement of the law applicable to the case. The evidence was properly admitted. In relation to the instructions refused, as far as they were a correct statement of the law applicable

to this case they were embodied in the instructions given. We fail to find any reversible error in this case.

The judgment of the court below will be affirmed.