## UNDERWOOD v. UNDERWOOD.

Libellant obtained a decree of divorce in the chancery court of Louisville, Kentucky, in which an adjudication of the right to alimony was expressly reserved. Subsequently the defendant removed to this State, and she instituted against him a suit to obtain alimony. Afterwards judgment was entered in the Kentucky court on the divorce decree, allowing alimony. The libellant then brought suit in this State on the Kentucky judgment, and the defendant pleaded in abatement of the action the pendency of the suit for alimony. *Held*, that the plea in abatement is not good, as the respective causes of action are not the same.

JANUARY 16, 1913.

Action upon judgment of other State. Before Judge Ellis. Fulton superior court. January 24, 1912.

*Green, Tilson & McKinney,* for plaintiff.

*John L. Hopkins & Sons* and *A. H. Bancker,* for defendant.

EVANS, P. J. Plaintiff and defendant were married in the State of Kentucky. On July 6, 1888, the plaintiff was granted a total divorce from the defendant in the chancery court of the City of Louisville, Kentucky. In the decree the question of alimony was expressly left open. The defendant removed to this State; and in March, 1911, the plaintiff filed her suit in the superior court of Fulton county, alleging the foregoing facts, setting out the defendant's property and earning capacity, and asking judgment for alimony. In June, 1911, she recovered in the Kentucky court a judgment for $8,000 for alimony, based on her original divorce decree in that court; and subsequently, on September 18, 1911, she filed suit on this judgment in Fulton superior court. To this suit a plea in abatement was filed on the ground that the plaintiff was still prosecuting her action for alimony, which was declared to be for the same cause of action and between the same parties. The averments of the plea were admitted. The petition was dismissed, and the plaintiff excepted.

In order that one action may be pleaded in abatement of another, the two actions must be between the same parties and for the same cause of action. Civil Code, § 5678. The Kentucky judgment is founded on an allowance of alimony in the divorce suit, and the action pleaded in abatement is to recover alimony. Is the suit on the judgment for the same cause of action as that in the suit for alimony? The suit on the judgment is an action of debt. While it is true that the cause of action which culminated in the judg-

ment was a claim for alimony, yet, when the alimony was allowed, the cause of action became merged in the judgment. Before the cause of action was changed into matter of record it was unliquidated, but when merged into judgment the amount became fixed and liquidated. It matters not what was the nature of the cause of action, whether tort or contract; upon being merged into the judgment it becomes a debt of record. The original cause of action is annihilated and the judgment becomes its substitute. *Howell v. Shands*, 35 *Ga.* 66. So that we have this difference between the subject-matters of the two suits; one is for a definite liquidated sum, and the other is for an uncertain amount, dependent on the special circumstances of the case and the discretion of the court.

Again, another test of identity of causes of action is whether the same evidence will support both. In the action on the judgment of the chancery court of Louisville, Kentucky, the record of the proceedings, under the full faith and credit clause of the Federal constitution, is plenary proof of the plaintiff's right to recover. No other evidence would be required to establish a prima facie case. On the other hand, in the suit for alimony, not only would the record of the Kentucky judgment be irrelevant, but the plaintiff must needs show facts which would entitle her to alimony. Measured by this test, the two suits do not involve the same cause of action.

Of course the defendant could plead the Kentucky judgment in bar of the suit for alimony, because the cause of action has been merged in the judgment. He does not propose to do this. He pleads the pendency of a suit for alimony in abatement of the suit on the judgment. The suit on the judgment is a distinct cause of action from that for alimony. See *Miss. Cen. R. Co.* v. *Plant*, 58 *Ga.* 167.

Only two cases involving the exact question have come under our notice, and they present divergent views. In Steers v. Shaw, 53 N. J. L. 358 (21 Atl. 940), a judgment was obtained in the State of New York upon certain notes. A new action was afterwards begun in New Jersey upon the same notes. Later an action between the same parties was begun in New Jersey upon the New York judgment. In a very able and logical opinion the court held that a plea in abatement filed in the last action, setting up the pendency of the action upon the notes, was bad, as the respective

causes of action were not the same. In Westervelt v. Jones, 7 Kan. App. 70 (52 Pac. 194), an action was brought in Kansas on a written instrument, and the defendant pleaded in bar an action upon a judgment rendered by a court in Illinois upon the same instrument; and it was held by the Court of Appeals of Kansas that the pendency of the first cause was a bar to the prosecution of the second. We have carefully considered the grounds upon which the judgments in the respective cases were based, and we think the true rule was that expounded in the first.

We have other instances where two actions may spring from the same primary source, yet the suits do not involve the same cause of action so that one may abate the other. A lender takes a deed to land to secure the note evidencing the loan. He may simultaneously undertake the collection of his debt by a suit on the note, and by ejectment to recover the land, and one action will not abate the other. *Dykes* v. *McVay,* 67 *Ga.* 502. A lender may take a mortgage on realty to secure his note, and simultaneously proceed to collect his debt by suit on the note and by foreclosure of the mortgage. *Clark* v. *Tuggle,* 18 *Ga.* 604. These instances are given as an illustration that the tests of identity we are applying in this case have been recognized in this class of cases. We think the plea in abatement was insufficient in law.

*Judgment reversed. All the Justices concur.*