ELSIE ALEXANDER, PLAINTIFF, v. ANIEL A. MANZA, DEFENDANT.

Decided September 28, 1943.

For the plaintiff, *Irving I. Jacobs.*

For the defendant, *Emanuel Weitz* (by *Vincent S. Haneman*).

BURLING, C. C. J. and S. C. C.  Suit was instituted herein on the 17th day of July, 1943, by the plaintiff, the assignee of a bond and mortgage, created on October 15th, 1925,

which it is alleged the defendant herein assumed by virtue of a covenant contained in deed dated April 1st, 1926, wherein William P. Richards et ux. and Alexander A. Lincoln et ux. were the grantors and the defendant was the grantee, which deed was recorded in the office of the clerk of Bergen County on April 6th, 1926, in Book 1397 of Deeds for said county at page 187, and that subsequently she foreclosed said mortgage, and a deficiency arose resulting in the damages which are sought in this cause of action.

This cause of action is maintained upon the principle that the grantee who assumes a mortgage debt and promises to pay it makes a contract with the grantor for the benefit of the mortgagee.

Since the adoption of chapter 207 of the Pamphlet Laws of 1898, nor *R. S.* 2:26–3.6; *N. J. S. A.* 2:26–3.6, a court of law has jurisdiction to entertain a claim based upon such an assumption. *Herbert* v. *Corby* (*Supreme Court,* 1940), 124 *N. J. L.* 249; 11 *Atl. Rep.* (*2d*) 240; *affirmed* (*Court of Errors and Appeals,* 1940), 125 *N. J. L* 502; 17 *Atl. Rep.* (*2d*) 541, and followed in *Woodbridge* v. *DeAngelis* (*Court of Errors and Appeals,* 1940), 125 *N. J. L.* 579 (at p. 580); 17 *Atl. Rep.* (*2d*) 542, and in *Fidelity Union Trust Co.* v. *Multiple Realty Co.* (*Court of Chancery,* 1942), 131 *N. J. Eq.* 527; 26 *Atl. Rep.* (*2d*) 155. In the last case (at p. 538); 26 *Atl. Rep.* (*2d*) 161, it was stated:

"This long line of decisions stood unchallenged until 1940, when our Supreme Court decided that a grantee who assumes a mortgage debt and promises to pay it makes a contract with the grantor for the benefit of the mortgagee; and that since the adoption of chapter 207, *P. L.* 1898 (now *R. S.* 2:26–3.6; *N. J. S. A.* 2:26–3.6), a court of law has jurisdiction to entertain a claim based upon such assumption. *Herbert* v. *Corby,* 124 *N. J. Law* 249; 11 *Atl. Rep.* (*2d*) 240; *affirmed,* 125 *N. J. Law* 502; 17 *Atl. Rep.* (*2d*) 541, and followed in *Woodbridge* v. *DeAngelis,* 125 *N. J. Law* 579; 17 *Atl. Rep.* (*2d*) 542. These cases hold that, by virtue of the statute, courts of law have concurrent jurisdiction with that inherent, original jurisdiction which has always been, from time immemorial, the prerogative of the Chancellor."

Motion was made before me sitting as Supreme Court Commissioner for the following rule: "To dismiss the complaint in the above cause, and abate the proceedings herein, on the ground that a prior action is pending and undetermined for the same cause between the same parties in this court, to wit: The suit commenced in the New Jersey Supreme Court, Atlantic County, on August 7th, 1941."

By the provisions of modern practice, resulting from the act of 1912 (*N. J. S. A.* 2:27–1 *et seq.*), and the rules of court promulgated pursuant thereto, pleas in abatement are abolished, and in lieu thereof, objection shall be made on motion. Rule 56, Supreme Court (*N. J. S. A. tit.* 2): *Commercial Credit Corp.* v. *Boyko* (*Court of Errors and Appeals*, 1927), 103 *N. J. L.* 620 (at *p.* 625); 137 *Atl. Rep.* 534.

Suit had been heretofore instituted (August 7th, 1941, as above referred to) in the New Jersey Supreme Court with venue laid in Atlantic County by the plaintiff against the defendant and in said suit by the second count of the complaint a cause of action was asserted against the present defendant and based upon a written agreement with the plaintiff in the capacity of executrix of the estate of Madeline Alexander, whereby it is alleged that the defendant grantee assumed and covenanted to make payment of the principal and interest of the indebtedness resulting from the same bond and mortgage upon which the present suit is based. It is therein alleged that the plaintiff herein was the assignee of said bond and mortgage and that as a result of the foreclosure thereof, a deficiency arose upon which said suit is based, which deficiency together with court costs represents the damages claimed in said cause of action, although no specific allegation is contained in said cause of action of the assignment of the agreement referred to in paragraphs 3 and 14 of the second count. Issue has been joined in that cause of action and its trial is awaiting in the Atlantic County list of causes. In that cause, the defense of usury with respect to the agreement upon which the suit is based has been asserted.

To afford a ground for abatement of one cause of action because another action is pending between the same parties,

the cause of action in both suits must be identical. *Steers* v. *Shaw (Supreme Court,* 1891), 53 *N. J. L.* 358 (at *p.* 359); 21 *Atl. Rep.* 940; 1 *Corp. Jur.* 61.

The disposition of this motion then hinges upon the question as to whether the causes of action are identical. One of the tests applied to determine this question is—will the same evidence support both actions? 1 *Corp. Jur.* 67. In *Steers* v. *Shaw (ante),* 53 *N. J. L.* (at *p.* 360); 21 *Atl. Rep. (2d)* 941, it was held:

"Again a crucial test of the identity of the two causes of action is to consider whether the same evidence will support both actions. *Broom Max.* 305.

"If this identity of evidence be found, it will make no difference that the form of the two actions is not the same. *Freem. Judg.* 259.

"But if the evidence which will support one action would not have entitled the plaintiff to recover in the other, there exists no identity. *Stowell* v. *Chamberlain,* 60 *N. Y.* 272; *Martin* v. *Kennedy,* 2 *Bos. & P.* 69."

And in that case, in the syllabus it was held:

"A judgment was obtained in the State of New York upon certain notes. A new action was afterwards begun in this state upon the same notes. Later an action between the same parties was begun in this state upon the New York judgment. *Held* that a plea in abatement filed in the last action setting up the pendency of the action upon the notes, was bad, as the respective causes of action were not the same."

It is apparent that a reading of the two complaints discloses the fact that they are distinct causes of action alleged therein, one—upon a direct written agreement to which has been asserted a defense of usury and the other cause of action upon the determination of liability for a contract made by assumption in a deed alleged to be for the use and benefit of a third person mortgagee.

In the first case, the transaction regarding the independent written agreement is under scrutiny and in the second case, the clause contained in a deed. The evidence in each is obviously different and the alleged primary liability arises from different sources.

The defendant relies upon the principle asserted in the case of *Smith* v. *Redtop* (*Court of Errors and Appeals,* 1933), 111 *N. J. L.* 439; 168 *Atl. Rep.* 796, and upon the point that both suits seek to establish a liability on the same bond for deficiency after foreclosure.

In said case the court (at *p.* 443 of 111 *N. J. L.;* 168 *Atl. Rep.* 798), did hold:

"The rule against splitting causes of action was devised to prevent repeated litigation between the same parties in regard to the same subject of controversy, and to avoid the inconvenience and expense incident to numerous suits. The claimant is not at liberty to split up his demand, and prosecute it by piece meal. There would be no end to litigation if such a practice were tolerated. *Baltimore Steamship Co.* v. *Phillips, supra.*" [274 *U. S.* 316; 47 *S. Ct.* 600; 71 *L. Ed.* 1069] and frowned upon the attempt in a tort case to split plaintiff's action because the damages were entirely personal as distinct from injuries caused to person and property by the same negligent act. But distinct causes of action, growing out of the same transaction (tort) exist and may be maintained separately for damages resulting to property and to the person, and therefore a judgment in one cause is not a bar to an action to recover in another, founded upon the case of *Ochs* v. *Public Service Railway Co.* (*Court of Errors and Appeals,* 1911), 81 *N. J. L.* 661; 80 *Atl. Rep.* 495.

In passing it is also of interest to note in the case of *Igoe Bros.* v. *National Surety Co.* (*Court of Errors and Appeals,* 1933), 112 *N. J. L.* 243; 169 *Atl. Rep.* 841, separate causes of action were asserted and permitted, basing the plaintiff's right to recover, growing out of liability upon the same bond, on two different dates of acceptance and in the syllabus, the court said:

"3. Where the right of recovery upon a surety bond given in pursuance of chapter 75 of the laws of 1918 (*Pamph. L., p.* 203 [*N. J. S. A.* 2:60–207 *et seq.*]) depends on certain preliminaries, of which there is a difference in respect to dates of acceptance of the work, the materialman is not obliged to choose one of the conflicting dates, but may properly sue on each date of the acceptance." And the court further, 112 *N. J. L.* (at *p.* 247); 169 *Atl. Rep.* 842, stated that:

"A dismissal of either suit before trial might have resulted in a denial of justice."

In the case of *Schwartz* v. *International Brotherhood* (*Supreme Court,* 1941), 126 *N. J. L.* 379, 383; 19 *Atl. Rep.* (*2d*) 690, 692, the court sustained the right to maintain separate causes of action for separate breaches arising out of the same contract and said:

"The contract under consideration was susceptible of more than one breach. It was breached when Local 478 refused to arbitrate in the case of the employee, Whitehead, and it was again breached in the refusal to arbitrate in the case of Wiatrosky. We therefore conclude that the District Court had jurisdiction to try this cause and that there was no waiver by failure of Schwartz Brothers to join the present cause of action in the suit which was nonsuited."

The matter of convenience of the parties and the incident expense to two suits may be considered in due season as to its merits and wisdom in an application to consolidate these causes for the purpose of trial. If not so ultimately consolidated in the event of a judgment in both suits, the court will see that cumulative judgments shall not be used to compel double satisfaction.

The motion is denied and a rule may be presented.