### 23734. DUNCAN et al. v. GEORGIA MONEY CORPORATION.

SUBMITTED OCTOBER 11, 1966—DECIDED OCTOBER 20, 1966.

644

*Kemp & Watson, John L. Watson, Jr.,* for appellants.
*Ralph H. Hicks, Hoke Smith,* for appellee.

DUCKWORTH, Chief Justice. The appeal is from a judgment denying a motion, filed in response to a motion of Georgia Money Corporation for appropriate orders to effectuate a sale of collaterals to secure debts culminating in a judgment in its favor, to declare the notes upon which the judgment was rendered satisfied and order them surrendered up and canceled. This record consisting of voluminous pleadings, orders, service and exhibits comprising 299 pages almost defies intelligent analysis and understanding. It contains pleadings and judgments and orders thereon that simply block any logical and reasonable explanation. But through this miserable mist we finally after indescribable labors see that originally Georgia Money Corporation filed a petition against Tu Tone Muffler Corporation and Duncan, et al., reciting page after page of history of their relationship, and finally alleging that because of all those laboriously recited reasons the petitioner loaned described amounts to the corporation, taking therefor notes in different amounts at different times, secured by certain properties, and that there had been through fraudulent and ultra vires acts of Duncan, the corporation president, misuse of such funds, and a receiver was asked for and appointed. During the proceedings of the case pleas of usury had been filed by both the corporation and Duncan, resulting in a judgment, after a hearing thereon, in favor of Duncan and against the corporation. Finally, by amendment, it was alleged that all the notes had become due and judgment was prayed against

both the corporation and Duncan but for different amounts. The notes were signed by the corporation by Duncan as president and individually, reciting that they were joint and several. In the meantime, on October 27, 1962, both the corporation and Duncan filed a pleading in which it was alleged "the acts of plaintiff aforesaid were such that the joint character of the promissory notes and contract sued upon by the plaintiff . . . was destroyed." The judgment followed the jury verdict in that case and was in favor of the plaintiff and against the defendant corporation for $46,604.96; the defendant Duncan for $15,632.24; and in favor of one of the associate corporations against the petitioner for $15,632.24 on its counter claim, but allowing a setoff of this amount against the above two judgments in favor of the petitioner. That judgment was dated February 5, 1965, to be entered nunc pro tunc as of December 16, 1964, and was not reversed by appeal or otherwise and stands today as entered.

In view of the various orders and judgments and pleadings preceding the judgment it is not void, and is binding upon the parties thereto. Furthermore, in view of the foregoing facts, *Ward v. Fleming,* 18 Ga. App. 128 (88 SE 899), even if sound in that case, does not apply here where even the defendants preceded this judgment with an amendment alleging that the two makers of the notes were not joint obligors. Also the payee of such notes has never expressly or impliedly released either of the obligors to the notes from liability thereon; hence *Code* § 20-910 has no application here. See *Code* § 20-1201. The factual situation requires application of the rule in *Underwood v. Underwood,* 139 Ga. 241 (77 SE 46); 50 CJS 20, Judgments, § 599; 30A AmJur 365, Judgments, § 313, to the effect that the cause of action on which the suit was brought is merged in the judgment from its date.

It would needlessly burden the reports of this court to outline even briefly all the alleged fraud, the appointment and actions of the receiver, the judgments on usury, and the stipulations of the parties, but suffice it to say, these and the pleadings prevent this judgment from showing upon its face that it is void and therefore subject to be disregarded. *Code* § 20-910 does not apply here.

The entire complicated record leaves one thing crystal clear and that is that these defendants obtained the money of Georgia Money Corporation and still owe it as evidenced by the judgment, and common justice demands that it be paid before the defendants are granted complete release therefrom.

*Judgment affirmed. All the Justices concur.*