## 49199. KIRKSEY v. MORRIS.

QUILLIAN, Judge.

Charles Kirksey brought a complaint in two counts against Robert E. Morris in the State Court of Cobb County. The first count sought recovery against the defendant for an amount based upon two judgments dated July 2, 1968, and rendered in the municipal court of the City of Alexandria, Virginia. The second count sought recovery on an unpaid check and on a collateral instalment note. The defendant as part of his answer set forth that he was not indebted to the plaintiff because the case was previously tried before a jury in Cobb County and was dismissed. Hence it was contended that this was res judicata on the present action.

The trial court heard the issues and issued the following order: "That as to count one the court finds in favor of defendant on res judicata, the same having been previously tried and adjudged by a court of competent jurisdiction; that as to count two counsel for plaintiff in open court stipulated that the matter has previously been reduced to judgment in a foreign court and is the underlying matter as to the claim in count one . . . both count one and count two have been previously adjudicated and judgment is entered in favor of the defendant." Appeal was taken from this judgment. *Held:*

1. The plaintiff in argument before this court urges that it was error for the trial judge to find that he was barred from recovering under Count 2 of the complaint merely because it was the underlying matter as to the claim in Count 1. He contends that the two counts involve different causes of action and thus one of the requirements set out in *Lewis v. Price,* 104 Ga. App. 473, 475 (122 SE2d 129), was not met.

"One effect of a judgment is to merge therein the cause of action on which the action is brought, from the date of the judgment, as against the parties or their

privies." 46 AmJur2d 551, Judgments, § 382. "When a valid and final personal judgment in an action for the recovery of money is rendered in favor of a plaintiff, he cannot thereafter maintain an action against the defendant on the cause of action, but he can maintain an action on the judgment." 47 AmJur2d 34, Judgments, § 915. As held in *Underwood v. Underwood,* 139 Ga. 241, 242 (77 SE 46): "The original cause of action is annihilated and the judgment becomes its substitute." See *Duncan v. Georgia Money Corp.,* 222 Ga. 643, 646 (151 SE2d 769).

The stipulation that Count 2 had been reduced to the judgment in Count 1 narrowed the plaintiff's scope for recovery to Count 1 if at all.

2. It is also contended the burden was upon the defendant to establish the plea of res judicata and that the record fails to reveal that such defense was proven. *Johnson v. Lovelace,* 61 Ga. 62, 64; *Prisant v. Feingold,* 169 Ga. 864, 867 (3) (151 SE 799). What the plaintiff overlooks is that in this court the burden is on the appellant to establish that error was committed by the trial court in its ruling. *Brooks v. Home Credit Co.,* 128 Ga. App. 176 (196 SE2d 176); *Coggin v. Scoggins,* 220 Ga. 710 (141 SE2d 463). There is nothing in this record to show that the trial court committed error. That being true, it was not error to enter judgment in favor of the defendant.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

SUBMITTED APRIL 1, 1974 — DECIDED MAY 8, 1974.

*Kirby G. Bailey,* for appellant.
*Cochran, Camp & Snipes, J. A. Cochran, Paschal A. English, Jr.,* for appellee.