### 41640. WALL v. RHODES.

DEEN, Judge. 1. Under the Appellate Practice Act of 1965 (Ga. L. 1965, p. 18 et seq.), *Code Ann.* § 6-1201 sets out a suggested form for the enumeration of errors from which it is clear that the subject matter need be indicated only in the most general way. It follows that without the aid of the brief of counsel, this court frequently cannot identify or pass upon the contention which the appellant seeks to urge as cause for reversal. Indubitably, where the error enumerated is not intelligible in itself the brief must make it so, or this court has nothing before it for decision. Rule 17 of this court refers to the structure and content of briefs, and requires that the appellant's brief shall contain a succinct and accurate statement of such pleadings, facts, and issues of law as are made in the appeal *with citation to such parts of*

*the record, by page number,* as are essential to a consideration of the errors urged, as well as argument and citation of authorities. Where, as here, the first enumeration of error complains of a failure to charge the jury properly as to the form of verdict, and the corresponding portion of the brief fails to deal with this subject at all, but confines itself to the contention that the verdict as rendered was unsupported by evidence (no such enumeration of error having been filed) we can neither consider the general grounds on which error was not assigned nor the enumeration of error regarding the charge which was not argued in the brief and must consequently be treated as abandoned.

2. The second error alleged is that the court, over objection, permitted the following: "Q. Were you happy in your job in Augusta? Defendant: Yes, sir." Again, the brief refers to no part of the record which might identify the context of this colloquy or show what grounds of objection were urged to it, cites us to no authority, and contends simply that the purpose of the question was to prejudice the jury against the defendant. The court has examined the transcript of evidence and fails to find any legal reason why this testimony should have been excluded.

3. *Code Ann.* § 38-1801 provides that a litigant may call for the purpose of cross examination "the opposite party, or any one for whose immediate benefit such suit is prosecuted or defended, or any agent of said party, or agent of any person for whose immediate benefit such suit is prosecuted or defended, or officer or agent of a corporation when a corporation is such party, or for whose benefit such suit is prosecuted or defended." Where an employee of the opposite party is called on the theory that such employee is the agent of that party, the procedure is equally proper whether the principal is in fact a corporation or an individual. *Garmon v. Cassell,* 78 Ga. App. 730 (6) (52 SE2d 631); *Atlanta Joint Terminals v. Knight,* 98 Ga. App. 482 (2) (106 SE2d 417); *Rodgers v. Styles,* 100 Ga. App. 124 (4) (110 SE2d 582). The contention that it was error to allow an employee of the plaintiff Wall to be called for cross examination because the Wall Heating & Air Conditioning Company was not a corporation but a trade name under which Wall transacted business is without merit.

4. Counsel for the plaintiff in his argument to the jury cited

574

certain evidence in the case from which he concluded that "somebody is trying to pull your leg." The defendant moved for a mistrial because the statement was made with the sole design of prejudicing the minds of the jury. The court, after fairly lengthy instructions, overruled the motion, but cautioned the jury to keep an open mind, render a fair verdict, and not be prejudiced by the remarks of counsel. If counsel was not satisfied with these corrective instructions, the motion should have been renewed. *Kendrick v. Kendrick*, 218 Ga. 460, 462 (128 SE2d 496); *Gee v. State*, 110 Ga. App. 439 (5) (138 SE2d 700).

*Judgment affirmed. Felton, C. J., and Jordan, J., concur.*
SUBMITTED NOVEMBER 1, 1965—DECIDED NOVEMBER 18, 1965.

*Stow & Garvin, Frank B. Stow,* for appellant.
*Reed & Dunn, Robert J. Reed,* for appellee.