41717. PINYAN v. LIBERTY MUTUAL INSURANCE COMPANY et al.

SUBMITTED JANUARY 4, 1966—DECIDED FEBRUARY 17, 1966.

*Essley B. Burdine, E. B. Shaw,* for appellant.

*Greene, Neely, Buckley & DeRieux, Burt DeRieux, James A. Eichelberger,* for appellees.

FELTON, Chief Judge. The argument in appellant's brief is confined to contentions as to why the findings of fact of the deputy director were correct and that the board had not based its award upon the correct legal theory, namely: that "the aggravation, acceleration, or lighting-up of a pre-existing latent infirmity may constitute a disability of such a character as to come within the meaning of the Workmen's Compensation Act, even though the accident would have caused no injury to a perfectly normal, healthy individual."

No issue is involved in the present appeal as to the correctness of the findings of fact of the deputy director for the reason that the hearing before the full board is *a de novo one in which the findings of fact of the deputy director are not under review,* even though the award of the full board reversing the deputy's award indicates to the contrary.

Concerning the contention that the board's award was based upon an incorrect legal theory, the board's findings of fact are as follows: "The majority of the full board finds that the claimant was in the general employ of Rich's, Inc., earning an average weekly wage of $52.50. The majority of the full board further finds that the claimant has a long history of back trouble dating back to 1958, since which time she has had 12 hospital admissions concerning her back. Though the claimant contends that on January 16, 1964, she reinjured her back while pulling herself up to sit down, a preponderance of the evidence fails to substantiate this contention. The claimant must carry the burden of proof in showing that she did sustain an accident and we find as a matter of fact that the claimant has failed to carry this burden, by a preponderance of the evidence. We, therefore, find that the claimant did not sustain an accident which arose out of and in the course of her employment." The above findings do not eliminate the theory of re-injury of a pre-existing latent infirmity, but merely state, in effect, that the accident whereby such re-injury occurred must have arisen out of and in the course of claimant's employment, that the burden of proving this was on the claimant and that she failed to prove it by a preponderance of the evidence. While it is true that a preponderance of the evidence is not necessary to support the finding (*Fralish v. Royal Indem. Co.*, 53 Ga. App. 557 (3) (186 SE 567); *Davis v. Bibb Mfg. Co.*, 75 Ga. App. 515, 518 (43 SE2d 780)), such finding, if supported by *any competent evidence*, is binding on the court. *Fidelity & Cas. Co. v. Scott*, 215 Ga. 491, 496 (111 SE2d 223) and cit. The award of the board in the present case was supported by competent evidence and is, therefore, binding on this court.

This court held, in the case of *Wall v. Rhodes*, 112 Ga. App. 572 (145 SE2d 756), as follows: "Under the Appellate Practice Act of 1965 (Ga. L. 1965, p. 18 et seq.), *Code* § 6-1201 sets out a suggested form for the enumeration of errors from which it is clear that the subject matter need be indicated only in the most general way. It follows that without the aid of the brief of counsel, this court frequently cannot identify or pass upon the contention which the appellant seeks to urge as

cause for reversal. Indubitably, where the error enumerated is not intelligible in itself the brief must make it so, or this court has nothing before it for decision. Rule 17 of this court refers to the structure and content of briefs, and requires that the appellant's brief shall contain a succinct and accurate statement of such pleadings, facts, and issues of law as are made in the appeal *with citation to such parts of the record, by page number*, as are essential to a consideration of the errors urged, as well as argument and citation of authorities. Where, as here, the first enumeration of error complains of a failure to charge the jury properly as to the form of verdict, and the corresponding portion of the brief fails to deal with this subject at all, but confines itself to the contention that the verdict as rendered was unsupported by evidence (no such enumeration of error having been filed) we can neither consider the general grounds on which error was not assigned nor the enumeration of error regarding the charge which was not argued in the brief and must consequently be treated as abandoned." Appellant's brief fails to support any of the enumerations of error with specific references to the record or transcript as required by Rule 17 (c3 A). Furthermore, although the brief argues that the director's findings of fact were authorized by the evidence, which evidence is therein set forth, there is no enumeration of error that the award of the full board was unsupported by any competent evidence; therefore such general grounds must be treated as abandoned under the holding in *Wall v. Rhodes*, 112 Ga. App. 572, supra. Whether other enumerated errors might have merit or not we do not decide; since these were not argued in the brief as required, they too must be considered abandoned.

. It follows that the appeal fails to show any grounds for the reversal of the judgment of the superior court affirming the award of the board.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*