## 41909. RAINEY v. HOUSING AUTHORITY OF THE CITY OF ATLANTA.

PANNELL, Judge. 1. Where the entire record in the case consists only of 18 pages, the petition, its amendments, the demurrers thereto and the orders relating to the demurrers, and the only questions presented by the enumeration of errors are whether the petition prior to the last amendment set forth a cause of action and whether the petition as amended sets forth a cause of action, the mere failure of the appellant in his brief, in arguing the questions presented, to point out the particular pages of the record where the petition, the amendments, and the orders excepted to may be found, will not constitute an abandonment of his enumeration of errors under Rule 17 of this court. The cases of *Wall v. Rhodes,* 112 Ga. App. 572 (145 SE2d 756) and *Pinyan v. Liberty Mutual Ins. Co.,* 113 Ga. App. 130 (147 SE2d 452), do not require a different ruling.

2. Neither the failure of the notice of appeal to contain a jurisdictional statement, nor the failure to file a copy of the enumeration of errors with the trial court, is a ground for dismissal of the appeal.

3. The trial judge in his order of October 28, 1965, not having ruled on the demurrer to, and the motion to strike, the amendment because it allegedly failed to meet the grounds of general demurrer previously sustained, no ruling in reference thereto is made in this court; but the trial judge having in said order ruled on the general demurrer to the petition as amended, the only question presented by the error enumerated on that order is whether or not the petition as amended sets forth a cause of action.

4. The petition here sought recovery against a landlord because

of an injury suffered when the plaintiff, the employer of the tenant who was on the premises for the purpose of getting the tenant and taking her to work, fell down allegedly defective steps, the defects being in several, rather than only one, of the steps in the stairway from the ground to the porch of the tenant's apartment. The petition described the steps as follows: "Instead of five steps from ground level to porch, defendant provided and permitted to exist a means of ingress and egress which consisted of a wooden box unsecured to the premises themselves, which rested insecurely on a loose brick, which itself rested upon the ground in front of said premises. This precarious device took the place of the two steps nearest ground level. Next in ascending order, defendant provided and permitted to exist in place of the third step, a loose board or plank of wood which in turn rested unsecured on two cinder blocks. Next in ascending order, there was a gap of 18" from the aforesaid board to the fifth step, which gap in effect eliminated the normal fourth step and caused persons using this purported stairway to take a double step from three to five. Finally, at step five, there existed the remnants of the original fifth step which was unsecured at one end." By amendment, adding an additional paragraph, the petition alleged that plaintiff "entered said premises by stepping onto the ramp adjacent to the back porch of said house and then directly onto the said back porch of said house, that after talking with the said Ella Chapman, attempted to leave said porch by descending steps, and was suddenly thrown to the ground when said wooden box careened in that the said box was resting insecurely on only three bricks, one under each corner except the right corner as faced by one leaving said back porch, thereby causing a hidden pitfall or mantrap—all unknown by your petitioner in that he could not see or determine said pitfall or mantrap from his said descending position, which defendant had known of or had the opportunity to take cognizance of and the defendant wilfully and wantonly allowed and suffered said hidden pitfall or mantrap to exist all to the detriment and damage of your petitioner."

While the plaintiff may not have been able to see the particular defective detail that precipitated his fall, he was well aware of, and could see that the alleged stairway was obviously dangerous because of numerous defects when he used them for the purpose of exit from the premises, and, in the absence of an

allegation that he could not and did not see the steps in entering by way of the ramp it is presumed, on demurrer, that he could and did. When, after having used a safe means of entry, he deliberately chose an apparently unsafe way of exit, his own negligence was the proximate cause of his injuries. See *Code* § 105-603; *Taylor v. Morgan*, 54 Ga. App. 426 (188 SE 44); *Banks v. Housing Authority of City of Atlanta*, 79 Ga. App. 313 (53 SE2d 595). The trial court therefore did not err in sustaining the demurrers and dismissing the petition. *Judgment affirmed. Frankum, J., concurs. Felton, C. J., concurs specially.*

ARGUED APRIL 6, 1966—DECIDED SEPTEMBER 23, 1966.

*Walter V. Beasley, Edwin F. Hunt,* for appellant.

*Greene, Neely, Buckley & DeRieux, Harry L. Greene, Thomas B. Branch, III,* for appellee.

FELTON, Chief Judge, concurring specially. I concur in the judgment on the question of whether the petition alleges a case against the landlord because the petition does not allege whether the tenant had exclusive possession and if so the necessary facts under which the landlord would be liable for defective premises.