42056. AMERICAN INSURANCE COMPANY v. GUEST PRINTING COMPANY.

DECIDED NOVEMBER 22, 1966—REHEARING DENIED DECEMBER 13, 1966.

*Erwin, Birchmore & Epting, Eugene A. Epting,* for appellant. *Hudson & Stula, Jim Hudson, Joseph J. Gaines, Rupert A. Brown,* for appellee.

FELTON, Chief Judge. ■ Grounds 1, 2 and 3 of the amended motion for a new trial complain of the court's refusal to give three written requests to charge, which would have defined water on the roof as "surface water" within the meaning of the policy and relieved the defendant-insurer of liability for damage from water which had backed up as a result of a blocked gutter or downspout.

The policy is alleged to contain the following provisions: "This policy does not insure against: . . . C. Loss caused by, resulting from, contributed to or aggravated by any of the following: 1. Earthquake, volcanic eruption, landslide, or any other earth movement; 2. Flood, *surface water,* waves, tidal water, or tidal wave, overflow of streams or other bodies of water, or spray from any of the foregoing, all whether driven by wind or not; 3. Water which backs up through sewers or *drains;*

4. Water below the surface of the ground including that which exerts pressure on or flows, seeps or leaks through sidewalks, driveways, foundations, walls, basement or other floors, or through doors, windows, or any other openings in such sidewalks, driveways, foundations, walls or floors. . ." (Emphasis supplied.)

While the term "surface water" has been so construed in a few foreign decisions as to include water on the roofs of buildings, (see McCullough v. Hartpence, 141 N. J. Eq. 499 (58 A2d 233); Bringhurst v. O'Donnell, 14 Del. Ch. 225 (124 A 795)), the majority of cases apply the term strictly to water on the surface of the ground. See Black's Law Dictionary, 4th Ed. p. 1762 (Water—Surface Waters); *Aetna Ins. Co. v. Walker*, 98 Ga. App. 456 (105 SE2d 917), and cit. The most that can be said in the insurer's favor is that the terms "surface water" and "drains" in the policy are ambiguous. Such ambiguities in the policy, which was written by the insurer, are construed in favor of the insured. *Atlas Assur. Co. v. Lies*, 70 Ga. App. 162, 165 (27 SE2d 791). This construction also conforms to a definition consistent with the majority construction. In view of the context in which the terms are used in the policy, it does not exclude damage from water on the roof, whether backed up or not. Special Grounds 1, 2 and 3 were, therefore, properly overruled.

■ Special Ground 4 complains of the refusal to give the following written requested charge: "I charge you that the term 'windstorm' as used in an insurance policy means something more than an ordinary gust of wind and refers to a wind of unusual violence. In order to be classified as a windstorm it must have the aspects of a storm, although it need not have the violence or the whirling features of a cyclone or tornado." The court charged in part as follows: "The term 'windstorm' as used in this policy means a wind of sufficient violence to be capable of damage to the insured property, either by its own *unaided* action or by projecting some object against it." (Emphasis supplied). The charge given has been approved as a common definition of the term "windstorm" in cases, like the present one, in which the term is not defined in the policy. *McClelland v. Northwestern Fire &c. Ins. Co.*, 91 Ga. App. 640,

643 (86 SE2d 729); *Travelers Indem. Co. v. Wilkes County,* 102 Ga. App. 362, 363 (1a) (116 SE2d 314). Furthermore, the language requested ("as used in *an* insurance policy") would have included such policies which define the term windstorm, hence was not technically correct. Special Ground 4 is without merit.

■ Special Grounds 5 and 6 are not enumerated as error per se, but there is an enumeration of error generally as to the overruling of the motion for new trial as amended. Appellant's supplementary brief requests this court to consider each of the special grounds and enumerated errors, but neither this nor the original brief argues the points thereby raised; therefore, these alleged errors must be considered and treated as abandoned. *Wall v. Rhodes,* 112 Ga. App. 572 (1) (145 SE2d 756); *Pinyan v. Liberty Mut. Ins. Co.,* 113 Ga. App. 130 (147 SE2d 452). No ruling is required on the general grounds in view of the Supreme Court's holding that the evidence authorized the verdict.

The court did not err in its judgment overruling the motion for a new trial as amended.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*