### 42594. TITSHAW v. CARNES et al.

EBERHARDT, Judge.   Otis L. Davis filed an application for appointment of a guardian for Clark Logan, an alleged mentally ill person, in the Court of Ordinary of Douglas County. J. T. Carnes was appointed guardian, and Davis entered an appeal to the superior court contending that he, as county guardian, should have been appointed guardian rather than Carnes, the deputy clerk of the superior court.  Carnes moved to dismiss the appeal on various grounds, and subsequently Ray Golden Titshaw filed an application for intervention, alleging that Logan was not incompetent and seeking to set aside the appointment of a guardian.  The superior court entered an order allowing the intervention, but subsequently dismissed the appeal of Davis and the intervention of Titshaw.

Titshaw, the only appellant in this court, "appeals to the Court of Appeals from the order dismissing the appeal from the court of ordinary to the superior court on motion to dismiss filed by J. T. Carnes, appellee." The only error set forth in the enumeration of errors is that "The trial court erred in dismissing the appeal on the grounds: [set forth by Carnes in his motion to dismiss Davis' appeal]."

Carnes has filed a motion in this court to dismiss Titshaw's appeal on the grounds, among others, that the error enumerated relates to the dismissal of Davis' appeal and not to the dismissal of Titshaw's intervention.  *Held:*

Assuming, but not deciding, that Titshaw as intervenor has standing in this appeal to contest the dismissal of Davis' appeal by the superior court, a reversal would not benefit Titshaw since he has not enumerated as error or argued in his brief the dismissal of his intervention.  Any error not enumerated must be disregarded (*Cross v. Miller,* 221 Ga. 579 (2) (146 SE2d 279); *Wall v. Rhodes,* 112 Ga. App. 572 (1) (145 SE2d 756); *Pinyan v. Liberty Mut. Ins. Co.,* 113 Ga. App. 130, 133 (147 SE2d 452); *Nathan v. Duncan,* 113 Ga.

App. 630, 637 (5) (149 SE2d 383)), and consequently we can not consider the dismissal of the intervention. A reversal would not benefit Titshaw since he is no longer a party to the case, and since an appeal must be dismissed where the appellant would derive no benefit from a reversal (*Kelton v. John*, 220 Ga. 272 (138 SE2d 316); *Wright v. Savannah Transit Authority*, 110 Ga. App. 710 (140 SE2d 149)), the appeal is

Dismissed. *Felton, C. J., and Hall, J., concur.*

SUBMITTED FEBRUARY 6, 1967—DECIDED FEBRUARY 14, 1967.

*Alton T. Milam*, for appellant.

*Noland & Coney, John L. Coney, Otis L. Davis, Ben S. Atkins*, for appellees.