42285. STRICKLAND v. ENGLISH.

PANNELL, Judge. 1. It was held in *State Farm Mut. &c. Ins. Co. v. Brown,* 114 Ga. App. 650 (152 SE2d 641) that an insurer who had been named a defendant in an action against an uninsured motorist brought under the provisions of the Uninsured Motorist Act (Ga. L. 1963, p. 588, as amended by Ga. L. 1964, p. 306) had the right to challenge its status as a defendant and was entitled to have its name and all reference to the matter of insurance stricken therefrom. We see no reason why the uninsured motorist, against whom the action is brought here, should not have a like privilege for substantially the same reasons: it is prejudicial. Accordingly, the trial court in the present case, an action against an uninsured motorist under the Act, did not err in ordering deleted from the petition a prayer that process issue against a named insurance company.

2. Under the present appellate procedure, we do not have a trial judge's certificate as to the truth of the recitations in a bill of exceptions (bills of exceptions were abolished, see Sec. 3 of the Appellate Practice Act of 1965, Ga. L. 1965, p. 18) nor the approval by the court of a motion for new trial as to the truth of the recitations therein contained. Section 16 (a), Id. It becomes imperative, therefore, that appellant provide the court with the means to find, in the lower court record or the transcript, the portions thereof material to a decision on the various enumerations of error presented. The burden is not upon this court to find error, but the burden is upon appellant to show it. Where only a few pages of the lower court record in this court are involved in determining whether a petition sets out a cause of action, no problem is presented because of failure to pinpoint a particular portion of the pleading by reference to the particular pages. See *Rainey v. Housing Authority of the City of Atlanta,* 114 Ga. App. 333 (1) (151 SE2d 534).

The pertinent rules in effect at the time the briefs in this case were filed provide for the division of the brief into two parts and that "[p]art one shall contain a succinct and accurate statement of such pleadings, facts, and issues of law as are made in the appeal *and a citation of such other parts of the record or transcript as are essential to a consideration of the errors complained of*" (Rule 17 (a) (1)), and "[e]*ach enumerated error shall be supported in the brief by specific reference to the record or transcript or both*" (Rule 17 (c) (3) (A)), and "[a]ny argument or assertion, which is founded on a particular portion of the evidence, must be supported, by a reference to the page or pages in the transcript where the evidence may be found." (Rule 17 (c) (3) (B)). The enumeration of errors quoted the various alleged charges and requests to charge and quoted alleged extractions from the transcript, but nowhere are there any page references to where these charges, requests to charge, or other matters might be found either in the transcript or in the record. The brief of the appellant, in Part One thereof, merely copies the enumeration of errors. In Part Two (Statement of Facts) there are no references to the record or transcript by page number or otherwise. In Part Three, in arguing the various errors enumerated, the appellant totally fails to make any reference to the transcript or record as to some, and as to others there is only a reference to a portion of the necessary parts of the record or transcript. Enumerations of error Nos. 2, 3, 4, 5, 6, 7, 8, 13, 14, 15, 16, 17, and 18 relate to various alleged charges of the court or the failure to charge. In none of these (except one) is there any reference to where the alleged charges as given by the court may be found in the transcript or the alleged requests in the record, nor is there any reference to that portion of the transcript wherein it might be ascertained that the charges given and the requests refused, and the charges not given, were objected to, which is necessary to show reversible error. See in this connection *Vogt v. Rice,* 114 Ga. App. 251 (2) (150 SE2d 691). The record in this case consists of 56 pages of which 13 pages are numbered requests to charge of the plaintiff and the defendant. The transcript consists of 233 pages, page 233 of which is the reporter's certificate thereto. Included in the transcript are 26 pages of the court's charge, 11 pages of objections to the

charges and colloquy between counsel and the court, and 4 pages of recharges of the court. Under these circumstances, this court will consider as abandoned all of the errors enumerated which relate to the charges of the court, the failures to charge, and the failure to charge requests and will disregard these enumerations of error. For other cases where the failure to comply with these rules entered into but did not completely control a decision that an enumeration of error was abandoned, see *Wall v. Rhodes*, 112 Ga. App. 572 (145 SE2d 756); *Pinyan v. Liberty Mut. Ins. Co.*, 113 Ga. App. 130 (147 SE2d 452). See also Rule 16 (3) of the Rules of the Supreme Court (221 Ga. 884) which rule is in accordance with the result reached here; we quote: "Part One shall contain a statement of each error enumerated. It shall also contain succinct and accurate statements of the issues of law as made by the errors enumerated and shall refer to parts of the record and transcript of the evidence relied upon in support thereof. Any enumeration of error not thus dealt with will be disregarded."

3. Alleged errors relating to the refusal to admit evidence and to alleged expressions of opinion by the court during a colloquy between the court and counsel, are without merit.

4. " 'The question of damages being one for the jury, the court should not interfere, unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias.' Civil Code (1910), § 4399; *Central of Ga. R. Co. v. Perkerson*, 112 Ga. 923, 933 (38 SE 365, 53 LRA 210). Where the evidence authorizes the jury to find that both parties are at fault, but the defendant slightly more so, so as to give the plaintiff a cause of action, a verdict for a small amount of damages is proper and should not be disturbed. *Flanders v. Meath*, 27 Ga. 358, 361; *Evans v. Central of Ga. R. Co.*, 38 Ga. App. 146 (142 SE 909)." *Hunt v. Western & A. R.*, 49 Ga. App. 33, 34 (1) (174 SE 222). Particularly is this true where, as in the present case, arising out of an automobile collision between a car driven by the plaintiff and one driven by the defendant, injuries were sustained by plaintiff and his wife, and damage to the automobile, the evidence disclosed that plaintiff was suffering from a previous disease and his wife from a previous injury, and the jury could have found that the medical bills (which exceeded the verdict) were primarily for actual treatment of the pre-

existing conditions, not aggravated by injuries received in the collision, and where the evidence as a whole did not demand an amount of damages in excess of that found by the jury.

*Judgment affirmed. Felton, C. J., and Frankum, P. J., concur.*

ARGUED SEPTEMBER 9, 1966—DECIDED MARCH 3, 1967—REHEARING DENIED MARCH 14, 1967—

*L. B. Kent,* for appellant.

*Hatcher, Stubbs, Land & Rothschild, J. Rudolph Jones, Albert W. Stubbs,* for appellee.