## 42521. BASS v. THE STATE.

BELL, Presiding Judge. 1. The appellant in seeking a reversal of her conviction for voluntary manslaughter raises the question whether the sweeping innovations announced by the Supreme Court in Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694), are applicable to her case. The trial of appellant began on June 13, 1966. In Johnson v. New Jersey, 384 U. S. 719, 734 (86 SC 1772, 16 LE2d 882) the

Supreme Court held that the "guidelines" in the Miranda case are available "only to persons whose trials had not begun as of June 13, 1966." In refusing to decree a retroactive application of the Miranda case, the Johnson case pragmatically proclaimed that to do so "would seriously disrupt the administration of our criminal laws. It would require the retrial or release of numerous prisoners found guilty by trustworthy evidence in conformity with previously announced constitutional standards." The court in speaking of the Escobedo, Miranda, and presumptively of the Johnson case and other cases as well, said "Of course, States are still entirely free to effectuate under their own law stricter standards than those we have laid down and to apply these standards in a broader range of cases than is required by this decision." Johnson, 384 U. S. 733, supra. From that language it appears that State courts are at liberty to enforce the Miranda case retroactively as a means of effectuating stricter standards. The majority of the judges of this court, however, are not inclined to proclaim stricter standards than the Miranda case requires (*Jones v. State,* 114 Ga. App. 448 (2) (151 SE2d 839)) nor, apparently, are the Justices of the Georgia Supreme Court. *Moore v. State,* 222 Ga. 748, 756 (152 SE2d 570). Although we are bound to follow the Escobedo, Miranda and Johnson cases, we are not compelled to extend or liberalize their holdings beyond their own broad requirements. It is for this reason, as authorized by the Johnson case, that we decline to apply retroactively to this case the holdings and numerous implications of the prolix Miranda case.

2. (a) The question remains whether the admission in evidence of the defendant's statement, made in the presence of detective Smith, that "I killed him, I killed him," was erroneous. At request of counsel, the court in absence of the jury, required the State to lay its foundation for admission of the testimony. That preliminary investigation, later reiterated substantially before the jury, showed that detective Smith had initially apprised the defendant of his official identity, had advised her that she didn't have to make any statement without counsel being present, that she had the right to have counsel, and that any statement she made could be used against her in court. It was shown that no one held out to the defendant any hope of reward or the remotest fear of

punishment and that her statement was voluntarily made. Having determined from the preliminary hearing that the statement was voluntary, the court properly admitted it in evidence. See Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205); *Patrick v. State,* 209 Ga. 645 (2) (74 SE2d 848); *Woods v. State,* 222 Ga. 321 (13) (149 SE2d 674); *Starks v. State,* 113 Ga. App. 780 (2) (149 SE2d 841).

(b) It is urged that the statement was inadmissible because at the time it was made the defendant could not comprehend the meaning of her words due to the fact that she was in a state of shock. The evidence relating to the mental condition of the defendant at the time she made the statement did not show that she did not comprehend the full import of her words. The contention is without merit.

3. The remaining enumerations of error are not argued in the defendant's brief and are treated as abandoned. *Wall v. Rhodes,* 112 Ga. App. 572 (1) (145 SE2d 756); *Pinyan v. Liberty Mut. Ins. Co.,* 113 Ga. App. 130 (147 SE2d 452).

*Judgment affirmed. Jordan and Pannell, JJ., concur. Pannell, J., concurs specially as to a portion of Division 1.*

SUBMITTED JANUARY 5, 1967—DECIDED MARCH 13, 1967— REHEARING DENIED MARCH 27, 1967.

*Garland & Garland, Edward T. M. Garland,* for appellant.
*Richard Bell, Solicitor General,* for appellee.

PANNELL, Judge, concurring specially. I concur with the judgment in this case, but disagree with the statement "from that language it appears that State courts are at liberty to enforce the Miranda case retroactively as a means of effectuating stricter standards."