42560. RAWLS BROTHERS COMPANY v. PAUL et al.

PANNELL, Judge. The petition alleged substantially the following:

The principal defendant, through its agent, also a defendant, persuaded the plaintiffs to purchase from the principal defendant some tire recapping equipment for use on plaintiffs' "Bacon American No. 122" tire recapping machinery, which new equipment was to be adaptable and attached to plaintiffs' equipment, that the sale contract provided for four templates for "B/A No. 122 design—754, 804, 854, 904," the templates being essential parts required to make the new machinery adjusted to the plaintiffs' existing machinery. Plaintiffs did not know what size the templates should be nor what size was ordered, but what was required was a template with a 7-inch radius. The templates called for by

the contract code numbers were 9-inch radius and the templates shipped were 6-inch radius; that the 6-inch radius templates were not adjusted to the plaintiffs' existing machinery and caused the tire casings to be cut down to an improper depth not noticeable by the exercise of ordinary care and the tires recapped subsequently failed in use, that in the exercise of ordinary care the defendants should have known that the proper templates for use with plaintiffs' existing machinery should have been of a 7-inch radius and used only in conjunction with a different type of rubber than that the plaintiffs were using, that the new equipment was installed by the plaintiffs with the help of the defendants, and the recapped tires because of such equipment contained inherent defects not visible by the use of ordinary care in inspection, that plaintiffs made good to their customers on the defective recapping to the extent of $15,000, that even if 9-inch radius templates had been shipped as called for by the contract this template would have so damaged the tires that it would have been noticeable and plaintiffs would not have suffered their losses; that plaintiffs did not know 9-inch size was being ordered because the sizes were marked in code and that the difference in size between the templates required and the templates sent was not discernible, that the new equipment ordered operated on a lathe principle and buffing by use of templates and plaintiffs had no prior experience with this new machinery but both defendants did have experience and both defendants in the exercise of ordinary care should have known that proper templates for use with the plaintiffs' existing machinery would be templates with 7-inch radius rather than 6-inch or 9-inch radius. The allegations of negligence were that the defendants were negligent in: A. Sending templates to the plaintiffs which would not fit the plaintiffs' existing machinery and would not be adjusted thereto so as to properly recap tires. B. Failing to warn the plaintiffs that the templates shipped to the plaintiffs by the defendants would not fit the plaintiffs' existing machinery and would not be adjusted thereto so as to properly recap tires. C. Failing to ship to the plaintiffs proper templates which would fit the plaintiffs' existing machinery and be adjusted thereto so as to properly recap tires. D. Failing to warn the plaintiffs that for the new machinery to be used in conjunction with the plaintiffs' existing machinery, 7-inch

templates and a change of rubber would be required to properly recap tires and that if this were not done, tires would not be properly recapped. E. Failing to indicate in the aforesaid sale contract of April 8, 1965, that the templates being ordered were 7-inch templates and, failing that, to indicate that the templates being ordered were 9-inch templates. F. Failing to send 7-inch templates to the plaintiffs. G. Failing to inform plaintiffs that a change of rubber would be required. H. Failing to warn the plaintiffs that the templates being shipped were 6-inch radius templates and further in failing to warn the plaintiffs that the 6-inch radius templates were improper and not adjusted to the plaintiffs' existing machinery. The petition also alleged that the principal defendant was negligent as follows: "A. In shipping the templates to the plaintiffs without making any inquiry of its agent, the plaintiff, or the manufacturer of Bacon American machinery as to the proper size templates. B. In failing to warn the plaintiffs that it was shipping the templates to the plaintiffs without making inquiry and that Rawls Brothers Co. did not know and was not certain of the proper size templates required for the plaintiffs' particular machinery," and further alleged that the principal defendant did not know the actual size of templates needed and therefore had a duty to make inquiries and further that both defendants knew of plaintiffs' inexperience and that plaintiffs were relying upon the defendants' judgment as to the proper machinery to buy and use in conjunction with the plaintiffs' equipment.

Demurrers of the principal defendant to the original petition, to the petition as first amended, to the petition as last amended, and renewed demurrers were overruled. The defendant appeals. *Held:*

1. "A tort is a legal wrong committed upon the person or property of another independently of contract. Such a wrong may, however, arise from a violation of some private obligation, by which damages accrue to the individual; and if the breach complained of is not mere neglect of a duty expressly provided for by the terms of the contract itself, the complaining party may elect as to his remedy, and rely either upon his right under the contract or proceed for damages as for a tort. *Payne v. Watters,* 9 Ga. App. 265 (70 SE 1114); *Fain v. Wilkerson,* 22 Ga. App. 193 (95 SE 752). In the instant case, as the alleged . . . acts of the de-

fendant did not arise out of a mere breach of duty expressly provided for by the contract itself, an action in tort was permissible." *Republic Iron &c. Co. v. Norris,* 25 Ga. App. 809, 810 (2) (104 SE 921). The alleged acts of negligence here do not relate to the failure to perform a duty required by the contract, in the form of an order, attached to the petition, but relate solely to breaches of duty arising from the relation of the parties and the duties arising therefrom. The petition set forth a cause of action in tort. See in this connection also *Monroe v. Guess,* 41 Ga. App. 697 (1, 3) (154 SE 301); *McCarthy v. Gulf Refining Co.,* 26 Ga. App. 665 (107 SE 92); *McCranie v. Bank of Willacoochee,* 29 Ga. App. 552 (116 SE 202); *Wolff v. Southern R. Co.,* 130 Ga. 251, 256, 257 (60 SE 569); *Owens v. Nichols,* 139 Ga. 475, 476 (77 SE 635); *Mauldin v. Sheffer,* 113 Ga. App. 874 (150 SE2d 150); *Code* § 105-104. The following decisions do not call for a contrary ruling: *Manley v. Exposition Cotton Mills,* 47 Ga. App. 496 (170 SE 711); *American Oil Co. v. Roper,* 64 Ga. App. 743 (14 SE2d 145); *Leonard v. Firemen's Ins. Co.,* 100 Ga. App. 434 (111 SE2d 773); *Louisville & N. R. Co. v. Spinks,* 104 Ga. 692 (30 SE 968).

2. The enumerated error number 6 is to the effect that the trial court erred "in overruling the appellant's special demurrer to Paragraph 16 of the plaintiff's petition as twice amended." There was only one demurrer to this paragraph and it demurred to the following language therein as follows: "Further, the plaintiffs show that in the exercise of ordinary care the defendant should have known that, because of the facts herein stated, each of the tires recapped by the plaintiffs would contain the aforesaid apparent defects," (Demurrer No. 9, R. 50). In its brief, appellant argues a similar alleged demurrer to the following language in Paragraph 16 of the petition as twice amended: "Both of the defendants had actual and constructive knowledge that the templates shipped by them to the plaintiffs would not fit the plaintiffs' existing machinery and would not be adjusted thereto, as to properly recap tires." There is no such demurrer in the record, and the alleged error in overruling the only demurrer it interposed to Paragraph 16 of the petition, not having been argued, will be considered as abandoned.

3. The plaintiffs, by amendment, having elected to proceed in tort, there was no error in overruling original demurrer No. 3,

renewed to the petition as twice amended, which attacked the petition on the grounds that it was duplicitous and that the plaintiffs should be required to elect whether to proceed in contract or tort.  As stated in appellant's brief, "[t]here is no doubt that plaintiffs in this case are attempting to recover in tort."  The plaintiffs having so elected, the demands of the demurrer were met.

4. While the brief may, by reference to the record and the transcript, assist the court in more clearly understanding a particular alleged error enumerated in the enumeration of errors (Rule 17 (a) (1), 17 (c) (3), 111 Ga. App. 883, 890, 891; *Wall v. Rhodes*, 112 Ga. App. 572 (145 SE2d 756) ; *Pinyan v. Liberty Mut. Ins. Co.*, 113 Ga. App. 130 (147 SE2d 452)) the brief cannot take the place of, or add to, or change the errors enumerated, the brief not being part of the record in this court (*Windsor v. Southeastern Adjusters*, 221 Ga. 329 (144 SE2d 739)), and if the error enumerated cannot be ascertained from the enumeration itself together with the transcript and record, this court cannot consider it.  It follows, therefore, that where an error is enumerated on the overruling of "the special demurrer" to a particular numbered paragraph of the petition "as twice amended" and the record shows that there is more than one special demurrer to that particular paragraph of the petition "as twice amended" which demurrers were overruled by the trial judge, this court is unable to determine which one of the special demurrers is involved; and the enumeration of error being on the overruling of only one special demurrer without designating which one of several is intended, is not specific enough to be considered.  Where the enumeration of error, by reference to paragraph numbers of the demurrers, covers the overruling of *more than one* of the special demurrers to a paragraph of a pleading a different question arises, and any one or more of the overruled demurrers may be argued in the brief and considered by this court (see *Mull v. Emory Univ.*, 114 Ga. App. 63 (2) (150 SE2d 276)) and the grounds of demurrer not argued will be considered as abandoned.  Whether or not an enumeration of error, properly made, is abandoned by failure to refer in the brief to pages of the transcript and record necessary to a decision thereon is an entirely different question from that here decided.  See in this connection *Wall v.*

*Rhodes,* supra; *Pinyan v. Liberty Mut. Ins. Co.,* supra; *Strickland v. English,* 115 Ga. App. 384 (154 SE2d 710).

5. The following underscored portions of Paragraph 19 of the petition, as amended, were demurred to separately on the grounds that the allegations were conclusions of the pleader with no facts alleged upon which to base the conclusion: "And in this connection the plaintiffs show that *the negligence set forth on the part of the defendants consisted of malfeasance on the part of both defendants* and *consisted of negligent performance of duties upon them arising from the aforesaid sale contract.*"

Paragraph 9 of the petition contained substantially identical language which was undemurred to. Under these circumstances the overruling of the demurrer, if error, was harmless error, for the petition, if the demurrer had been sustained and the language demurred to stricken, would have still contained substantially the same allegation as that demurred to.

6. (a) Paragraph 15 of the original petition filed in the superior court on March 4, 1966, and duly served alleged that plaintiff suffered $15,000 damage in loss of goodwill. This paragraph was not changed, modified or affected by either of the two amendments filed respectively September 7, 1966, and October 18, 1966. The demurrer thereto filed after the second amendment and on November 2, 1966, was filed too late (*Code* § 81-301, as last amended by Ga. L. 1953, p. 21) and the overruling of the same, if error, is harmless. *Hatcher v. Ga. Farm Bur. &c. Co.,* 112 Ga. App. 711, 718 (146 SE2d 535); *Neal v. Davis Foundry &c. Works,* 131 Ga. 701, 703 (63 SE 221).

(b) The petition as originally filed on March 4, 1966, contained specifications of negligence A, B, and C in Paragraph 21 of the petition. Special demurrers filed to the original petition contained no demurrer to Paragraph 21 of the petition. The first amendment to the petition filed September 7, 1966, added to that paragraph Specifications D, E, F, G, and H. Special demurrers were filed September 14, 1966, to the petition as first amended, Paragraph 26 of which demurrer attacked all these specifications of negligence on the grounds that they were mere conclusions of the pleader. The second amendment filed on November 2, 1966, made no changes in Paragraph 21 of the petition except a slight inconsequential and immaterial change in language of Paragraph 21. A third

group of demurrers was then filed to the petition as twice amended. Enumeration of error No. 8 complains of the overruling of demurrer No. 10 of this third group of demurrers, which particular demurrer also demurred to specifications of negligence in Paragraph 21 of the petition on the grounds that the allegations were conclusions of the pleader. If the specifications of negligence were defective for this reason, Specifications A, B, and C were defective in the original petition and Specifications D, E, F, G, and H were defective when added by the first amendment, at each of which stages demurrers were filed. Ground 10 of the third group of demurrers, which was overruled and the overruling of which is complained of, was therefore filed too late (see *Gassett v. Hugh Steele, Inc.,* 113 Ga. App. 47, 48 (2) (147 SE2d 10)), and the overruling of such demurrer, if error, was harmless. There being no enumeration of error on the overruling of No. 26 of the second group of demurrers which was timely as to Specifications of error D, E, F, G, and H, and was renewed to the petition as twice amended, the overruling of this demurrer will not be considered.

*Judgment affirmed. Jordan, J., concurs. Bell, P. J., concurs in the judgment only.*

SUBMITTED JANUARY 6, 1967—DECIDED MAY 17, 1967.

*Congdon & Williams, Searcy G. Garrison, Jr., W. Barry Williams,* for appellant.

*Jay M. Sawilowsky, Ross & Finch,* for appellees.