42991.   MILLHOLLAN, Administratrix v. WATKINS
MOTOR LINES, INC. et al.

ARGUED SEPTEMBER 11, 1967—DECIDED OCTOBER 6, 1967.

*Marson G. Dunaway, Jr.,* for appellant.
*Glenn T. York, Jr.,* for appellees.

DEEN, Judge. ■ Certain rulings on demurrers will be considered first. The plaintiff's petition was amended several times and twice completely rewritten. The first two enumerations of error deal with the sustaining of demurrers by Neal and Watkins Motor Lines to the petition as first presented and prior to the times at which new petitions were substituted. These rulings were acquiesced in by the amendments in compliance with the court's orders unless such result is inhibited by that part of *Code Ann.* § 81-1001 which reads: "Either party who amends or attempts to amend his petition or other pleadings in response to

an order or other ruling of court shall not be held to have waived his objection to such order or ruling, but may thereafter take exception thereto as in other cases." This sentence was first placed in the law by Ga. L. 1953, Nov. Sess., p. 82, was stricken by Ga. L. 1962, p. 682, and was re-enacted by Ga. L. 1966, p. 452. The orders complained of here, having been entered up in September, 1964, at which time this section was repealed, are not now reviewable. *Wade v. Drinkard,* 76 Ga. App. 159 (1) (45 SE2d 231).

■ At the pleading stage the plaintiff administratrix, confronted with a respondeat superior situation, was apparently in a quandary as to whom to name as defendants. The original petition named, in addition to the driver Neal and the lessee Watkins Motor Lines, Inc., Gold Star Food Products and Lentz Trucking Company, designated as Florida corporations. She subsequently filed a rewritten petition in which these latter corporations were eliminated as defendants, and added "Hubert Lentz, individually and doing business as Goldstar Food Products and Lentz Trucking Company," but Lentz was stricken on demurrer. Plaintiff again redrafted her petition and attempted to re-instate as defendants Lentz Trucking Company, the owner of the truck, and Goldstar, and again these defendants were stricken. Exceptions are taken to the sustaining of various demurrers and motions of these entities in Enumerations of error 3, 4, 5, 8, 9, 12 and 13. "It has been repeatedly held that a verdict exonerating the servant in a joint action brought against the master and the servant for damages caused solely by the negligence of the servant requires a verdict for the master also." *Roadway Express, Inc. v. McBroom,* 61 Ga. App. 223, 226 (6 SE2d 460). And see *Southern R. Co. v. Harbin,* 135 Ga. 122 (68 SE 1103, 30 LRA (NS) 404, 21 AC 1011). The only negligence alleged in the petition relates to actions of the driver Neal; since a verdict was rendered in his favor (as well as in favor of the immediate employer Watkins Motor Lines, Inc.) it follows that any other defendants who might have been liable because of a master-servant relationship had Neal been found liable must, on a verdict for him, be held equally free from fault. Any errors in the rulings on these demurrers are accordingly harmless

to the plaintiff when considered in the light of the verdict. The same applies to orders on certain demurrers filed by Neal to paragraphs alleging agency which appear in the second enumeration of error and to the orders sustaining the 23rd ground of special demurrer and second ground of the motion for new trial relating to attorney fees, grounds 6 and 7 striking as an exhibit the insurance policy of Watkins Motor Lines.

■ As to the other grounds of special demurrer: (a) Ga. L. 1964, p. 294 increased to 45 miles per hour the speed limit appertaining to vehicles of the weight load of the defendants' tractor-trailer, repealing thereby the provisions of *Code* § 68-703. It was not error to sustain grounds of demurrer 20 and 39 insofar as they referred to provisions of the former Code section.

■ "A failure to give precautionary signals, when in no manner causing or contributing to the injury, does not impose a liability upon the [defendant]. If the traveler knew by other means of the coming of the train, the omitted warnings cannot be the cause of the collision." *Central R. v. Brinson*, 70 Ga. 207 (4d). Since the petition here finally alleged, as to plaintiff's decedent, that after going into defendant's lane of traffic he had returned to his own right-hand lane 50 yards before the point of collision, and further alleged that the defendant driver saw plaintiff's decedent's vehicle 200 yards before the point of collision, objections were properly sustained to allegations that negligence of the driver Neal in failing to anticipate the presence of the Milhollan vehicle and failure to blow his horn were a part of the proximate cause of the collision.

■ The remaining grounds of special demurrer are either abandoned or are immaterial.

■ The second and third grounds of the motion for a new trial complain of the allowance of the following: "Q. I'll rephrase that and ask him whether or not there was an opportunity for the truck driver to cut in either direction after this Millhollan vehicle cut into the truck driver's lane of traffic. A. No, I did not see an opportunity for the truck driver to do anything other than what he did." While it is error to allow a witness to testify as to the ultimate issue of liability, a question for the jury to determine, yet where the question may be construed to

mean that the witness did or did not see an alternative course of action, such testimony may be admissible. *Hughes v. Brown,* 111 Ga. App. 676 (2) (143 SE2d 30). The plaintiff here attempted to show through examination of certain witnesses that it would have been possible for Neal, under the circumstances shown to exist in this case immediately before impact, either to run the tractor-trailer off on the shoulder of the road and thus avoid the collision, or possibly to have turned out at a location where there was a private driveway. Under these circumstances it was not error to allow this witness, after testifying to the facts, to deny in effect that such opportunities were open to the defendant.

■ As to Grounds 4 and 5 of the amended motion for a new trial, the only objection which can be identified through the plaintiff's brief was to the question: "As part of these [Interstate Commerce Commission] regulations and to comply with them, were you required to keep a daily driver's log?" The affirmative answer was only a preliminary to the identification and introduction in evidence of the log, as to the contents of which the witness then testified. Accordingly, while it is ordinarily error to refuse over proper objection to reject secondary evidence, and while the best evidence as to the contents of the ICC regulations would certainly be a certified copy thereof, nevertheless, here the fact that such regulations existed and their contents were merely collateral to the question at issue, which was the activity of the defendant driver as shown by his log. "Where a matter is collateral to the real issues, and it comes in question, and proof of it is admissible, it may be shown by parol evidence, and need not be established by documentary evidence." *Hyde v. State,* 70 Ga. App. 823, 828 (29 SE2d 820). No reversible error is shown here.

■ The right to a thorough and sifting cross examination provided by *Code* § 38-1705 does not extend to "the admission of testimony which is wholly irrelevant to the issues in the case." *Hart v. State,* 14 Ga. App. 364 (7) (80 SE 909). Since Neal was engaged in interstate commerce and intra-state regulations concerning the length of compulsory rest stops did not apply to him, it was not error to refuse, even on cross examination, to sus-

tain an objection to the question of whether he "had any knowledge at all of the laws of Georgia" pertaining to this subject.

■ We have dealt above with certain of the 13 special grounds contained in the amended motion for new trial, as to which the only enumeration of error is a general one contending that it was error to overrule the motion. While special grounds no longer need be complete within themselves (*Code Ann.* § 70-302) and also enumerations of error need not be complete, nevertheless, as stated in *Strickland v. English,* 115 Ga. App. 384 (2) (154 SE2d 710) in regard to the latter: "It becomes imperative . . . that appellant provide the court with the means to find, in the lower court record or the transcript, the portions thereof material to a decision. . . The burden is not upon this court to find error but the burden is upon appellant to show it." Where, as here, neither the special ground, nor the enumeration of error, nor the brief of counsel, identify to us by either quotation or page reference to the pertinent parts of the record the objection to testimony, the evidence under which it is contended that a certain instruction should have been given, the grounds of a motion for mistrial, and other like matters consideration of which would be absolutely essential to a consideration of the remaining special grounds, indubitably, this court will not be required to search the entire record to determine the subject matter about which the appellant seeks to complain. Accordingly, the remaining special grounds of the amended motion for new trial are deemed to have been abandoned.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*