## 44608. GEORGIA STAINLESS STEEL CORPORATION v. BACON.

EBERHARDT, Judge. Bacon, an independent contract distributor or commissioned salesman, brought suit against Georgia Stainless Steel Corporation for commissions due under an oral contract. Georgia Stainless cross claimed, and the trial judge, sitting without a jury, denied relief to Bacon on his complaint and entered judgment for Georgia Stainless on its cross claim. Subsequently Bacon's motion for new trial was granted and, after a new hearing, judgment was entered in Bacon's favor. Georgia Stainless appeals from the judgment. *Held:*

Rule 17 (b) (1) of this court provides: "The brief of appellee or cross appellee shall be subdivided in the following manner: (1) Part One; Contents; Implied Consent to Facts.—Part

one shall point out any material inaccuracy or incompleteness of statement in the brief of counsel for the appellant, and shall contain such additional statement as may be deemed necessary, and shall cite such additional parts of the record or transcript as are deemed material thereto. If the appellee should fail to do so, he will be held to have consented to a decision of the case on the statement made by the appellant. Except as controverted, the statement of facts by the appellant may be accepted by this court as being prima facie true." 111 Ga. App. 883, 890 (*Code Ann.* § 24-3617 (b) (1)).

Appellant in its brief states that there was no evidence to support a judgment for Bacon in the amount found; that Bacon admitted he did not know what amount of money he was seeking or how that figure was calculated; that Bacon did not prove in the lower court any specific amount of money owed by appellant under the contract; and that he proved no errors in the bookkeeping system of appellant. Appellant cites and quotes portions of the transcript to support these statements including, inter alia, testimony of Bacon's wife, who kept his records and attempted to prove on his behalf an amount due by the company. The gist of this part of her testimony was that she guessed at round and approximate figures in arriving at the amount sued for.

Bacon, the appellee, has filed no brief in this court and of course has pointed out no material inaccuracy or incompleteness of statement in appellant's brief, and has made no additional statement and cited no additional parts of the transcript. Thus we accept appellant's statement as prima facie true and decide the case on the basis of the statement and the evidence cited and quoted. *Veal v. Riner*, 214 Ga. 539, 540 (106 SE2d 26).[1]

Since Bacon did not prove any specific amount of money owed by appellant under the oral contract, the judgment in the amount of $2,275.08 was unauthorized. *Bennett v. Associated Food Stores*, 118 Ga. App. 711 (2) (165 SE2d 581).

We also rest the reversal of this judgment on another ground. Our Rule 17 (c) (3) C. provides: "Claim of No Evidence.—

[1]Decided under our former Rule 18 (former *Code Ann.* § 24-3618), now our rule 17 (b) (1), supra, identical, except for arrangement, with former Supreme Court Rule 15 (former *Code Ann.* § 24-4516), now Supreme Court Rule 17 (*Code Ann.* § 24-4517).

In defending against a contention that certain findings, rulings, or other matters are not supported by any evidence, counsel shall, by references to particular pages of the transcript, point out where supporting evidence may be found." 111 Ga. App. 883, 891; *Code Ann.* § 24-3617 (c) (3) C. We have repeatedly held appellants to the provisions of Rules 17 (a) (1), 17 (c) (3) A. and 17 (c) (3) B., requiring specific reference to the record and transcript in support of enumerated errors and arguments or assertions founded upon the evidence, and where appellants have failed to abide by these rules we have disregarded the arguments and assertions and treated the enumerations of error as abandoned. See, e.g., *Crider v. State,* 115 Ga. App. 347 (1) (154 SE2d 743); *Strickland v. English,* 115 Ga. App. 384 (2) (154 SE2d 710); *Millhollan v. Watkins Motor Lines,* 116 Ga. App. 452 (6) (157 SE2d 901); *Hayes v. Century 21 Shows,* 116 Ga. App. 490 (2) (157 SE2d 779); *Bode v. Northeast Realty Co.,* 117 Ga. App. 226 (160 SE2d 228); *Brickle v. Ford Motor Credit Co.,* 117 Ga. App. 557 (161 SE2d 424); *Askew v. State,* 117 Ga. App. 647 (161 SE2d 445); *Hall v. State,* 117 Ga. App. 649 (161 SE2d 374); *Jenkins v. Raiford,* 117 Ga. App. 658 (2) (161 SE2d 405); *Norsworthy v. Knight,* 117 Ga. App. 808, 810 (3) (162 SE2d 225); *Coley v. Smith,* 117 Ga. App. 822 (162 SE2d 216). As we observed in *Gunnells v. Cotton States Mut. Ins. Co.,* 117 Ga. App. 123, 126 (159 SE2d 730), these rules are clear and reasonable and should be followed literally by counsel in practice before this court in order not to prejudice the interests of their clients. Where the rules are not followed and counsel do not refer specifically to the record and transcript, it places an undue burden on the court to search through a 303 page transcript unguided.[2]

The same observations are pertinent to Rule 17 (c) (3) C., which in practice is the counterpart to Rules 17 (a) (1), 17 (c) (3) A. and B., and the appellee should be held to the former rule just as the appellant is to the latter rules. The

---

[2]*Rainey v. Housing Authority of the City of Atlanta,* 114 Ga. App. 333 (151 SE2d 534); *Cohen v. Garland,* 119 Ga. App. 333 (167 SE2d 599), and *American Liberty Ins. Co. v. Sanders,* 120 Ga. App. 1 (169 SE2d 342)), where the records and transcripts were very short and well indexed have no application to the situation here.

■

remark in *Patillo v. Thompson,* 106 Ga. App. 808, 811 (128 SE2d 656) is as appropriate here as there: "It may be that within this haystack of reference there lies the needle of relevant testimony, but we cannot search it all in order to ascertain the fact with certainty." The transcript in the case at bar qualifies as a "haystack" (*Patillo,* supra) and possibly even as a "miserable mist." *Duncan v. Ga. Money Corp.,* 222 Ga. 643, 645 (151 SE2d 769). In any event the appellant in the case at bar has made a claim of no evidence, and appellee has failed to follow Rule 17 (c) (3) C. and make reference to particular pages of the transcript pointing out where supporting evidence may be found. Thus we must assume that there is no evidence to support the judgment, and accordingly it must be

*Reversed. Bell, P. J., and Deen, J., concur.*

SUBMITTED JULY 8, 1969—DECIDED SEPTEMBER 2, 1969.

*Zachary, Dean & Setliff, Carter A. Setliff,* for appellant.