### 44971.   HAMRICK v. AETNA INSURANCE COMPANY.

JORDAN, Presiding Judge. D. A. Hamrick brought a complaint against Aetna Insurance Company on May 7, 1968, seeking to recover the sum of $18,000 under a fire insurance policy insuring a one-family tenant house against loss by fire in said amount. The defendant answered, setting up various defenses relating to defendant's negligence in not using reasonable means to save and preserve the property, that plaintiff increased the hazard and committed other acts and omissions which precluded a recovery under the policy, apparently referring to what appeared later to be a contention that he caused the insured property to be burned. Subsequently, the defendant amended its answer, pleading that pursuant to a proof of loss filed by a mortgagee, Frances Davis Mize, claiming that actual

cash value of the insured dwelling was $12,000, it paid said sum to Frances Davis Mize under the mortgagee clause of the policy. This amendment also set up a counterclaim against the plaintiff for recovery of the $12,000 so paid on the ground that "the acts or omissions of the plaintiff, D. A. Hamrick, have caused the defendant to be required to pay said sum." On the trial, it appeared that the insured house and premises on which it was located was sold to the plaintiff on November 9, 1967, for the sum of $18,000 and that Frances Davis Mize took a security deed to secure the purchase price, payable in monthly instalments at a steady rate of interest. The fire occurred on January 10, 1968. The jury, upon the trial of the case, found in favor of the defendant with no amount stated, which, under the instructions of the court, meant that they found against the plaintiff on his claim, and against the defendant seeking recovery under its counterclaim, which at the trial seemed to be based primarily upon contentions that the plaintiff had caused the insured property to be burned. The plaintiff's motion for new trial was overruled and the plaintiff appealed to this court. *Held:*

1. Any alleged error on the charges and admission of evidence relating to the defenses and the counterclaim, that is, that the plaintiff caused the property to be burned or increased the risk, even if error, would be harmless, assuming the verdict to be in favor of the plaintiff on these issues, since it found against the defendant's counterclaim.

2. There was no error in admitting in evidence the proof of loss sworn to by the mortgagee, based upon which the insurance company made payment under the mortgagee clause of the policy. The proof of loss was admissible in proof of the defense of the defendant that it had paid such loss and the amount of the claim thereof, there being other evidence in the record that the actual value of the property was the same as that shown in the proof of loss. It was further admissible to impeach the testimony of the mortgagee's husband who assisted the mortgagee in preparing the proof of loss and was present when she signed it and had testified that in his opinion the building was

worth $30,000 to $35,000. Nor was there error in excluding the testimony of the witness relating thereto.

3. Enumeration of error number 10 complains of an error in the court's charge. Neither the brief nor the enumeration of error makes any reference to the transcript where the charge may be found or where any objections to the charge may be found. Under the ruling in *Strickland v. English*, 115 Ga. App. 384 (2) (154 SE2d 710), this enumeration of error will be considered as abandoned. See also *Bassett v. Smith*, 226 Ga. 10 (172 SE2d 407) and cases cited therein.

4. The trial court did not err in eliminating from the jury's consideration the plaintiff's claim for penalties and attorney's fees.

5. There was no error in the charge of the court limiting the amount of any recovery by the plaintiff to the amount of the loss over and above the loss of $12,000 already paid to the mortgagee under the mortgagee clause of the policy.

6. An expert on the investigation of fires and the causes thereof was asked a hypothetical question, which obviously referred to the plaintiff, the question and answer being as follows: "Q. Let me ask another question, another hypothetical. Assume that this gentleman we are talking about purchased the house, we'll say, on November 17th and who went on through and told the people to get out, as of January 1st they were to be out of the house, and the house was empty for the time that I have mentioned, and when inquiry was made as to when the last time he was in the house himself responded 'I don't remember.' And even when pressed as to the month when he was last in the house still said, 'I don't remember' to all pressure as to when approximately the last time he was in the house was, would that bear upon your opinion in this case? A. I would say it would indicate to me the possibility of trying to evade the question." Objection was made on the basis that the answer was a mere conclusion of the witness. While the answer is correctly categorized as a conclusion it was entirely harmless considering the totality of this witness' testimony. In response to previous hypothetical questions based on facts surrounding the fire and

the actions of the insured, this witness was asked if he had an opinion as to whether the fire was of incendiary origin, and he replied, "I would view it as a highly suspicious fire, of a highly [sic] probability that it was set on fire, yes, sir." This testimony was unobjected to and definitely pointed to the insured as the probable causative agent in connection with the fire. In view of this damaging testimony tending to implicate the insured to a fire believed to be of incendiary origin, the conclusion stated in the answer objected to was mild and merely cumulative of the other damaging testimony in the record unobjected to.

Further, there was no objection made to the hypothetical question, only that the *answer* was a conclusion. Obviously the question called for an opinion (i.e., conclusion) by the expert witness as to the value of the plaintiff's case, he having already made it clear that he thought the fire was of incendiary origin. Therefore, any objection should have been lodged against the question asked. The question clearly called for a conclusion and that was what the expert was giving all through the case as his expert opinion.

7. The general grounds of the motion for new trial are without merit in that the evidence adduced did not demand a judgment in favor of the plaintiff.

*Judgment affirmed. Bell, C. J., Hall, P. J., Eberhardt, Deen, Quillian, Whitman and Evans, JJ., concur. Pannell, J., dissents.*

ARGUED JANUARY 8, 1970—DECIDED JUNE 23, 1970—
REHEARING DENIED JULY 28, 1970.

*Robert Carpenter, LeRoy C. Hobbs,* for appellant.
*Neely, Freeman & Hawkins, Edgar A. Neely, Jr.,* for appellee.

PANNELL, Judge, dissenting. I concur in Division 1 of the opinion, that any error in the charges given and therein considered was harmless error for the sole reason that the jury verdict *necessarily* found in favor of the plaintiff on these issues, since they found that neither the appellant nor the appellee was entitled to recover. In my opinion, we cannot find these errors, if error, harmless by "assuming the verdict to be in favor of the plain-

tiff on these issues. . ." I concur in Divisions 2,3,4,5 and 7 of the opinion.

I must dissent, however, from the ruling of harmless error in Division 6 of the opinion. The answer given was not responsive to the question, although no objection was made on this ground. It was further purely a conclusion of the witness relating to the weight and credit to be given the statements of the person referred to in the question. This is a jury matter, not a matter for a witness to determine. His answer was equivalent to the expression of opinion by the witness that he thought that the defendant was lying under the circumstances. This was harmful error and is sufficient to authorize the granting of a new trial, and, for this reason, we should hold that the trial court erred in overruling the motion for new trial.

Failure to object to the question, the answer not being responsive thereto, would not constitute a waiver of the right to object to the answer, and this fact has no bearing on the question of the admissibility of the answer. The fact that other testimony of this same witness showed this witness had an opinion that the fire which burned the dwelling had been diliberately set, could not, and did not, make the error harmless, where the other evidence was not subject to objection and did not relate to the same subject matter. The plaintiff had testified that the value of the dwelling was in excess of $23,000. The jury found against him on this issue of value. We, therefore, cannot say that the admission of this impeaching testimony was, as a matter of law, harmless.

In my opinion, the judgment should be reversed.