46325.    WATTS v. MYLIUS.

Evans, Judge. Ethel G. Mylius sued E. L. Watts for damages, including punitive damages and attorneys fees, arising out of fraud and deceit allegedly practiced upon her by the defendant. The defendant denied the material portions of the complaint. On the call of the case the defendant was absent and his counsel moved for a continuance, submitting the affidavit of a doctor as to his urgent need of immediate medical treatment and possible hospitalization, stating therein that the defendant was not in condition to take part in any kind of trial or hearing. The trial court denied the motion and after a trial without the intervention of a jury, rendered judgment against the defendant. A motion for new trial was filed and thereafter amended,

adding six special grounds. The motion for new trial, as amended, was overruled. The defendant appeals to this court from this judgment. The enumeration of errors contains the substance of each and every ground of the motion for new trial as amended. Error is enumerated as follows: (2) The overruling of the defendant's motion for a judgment on the pleadings; (3) The overruling of defendant's motion to strike an amendment of plaintiff and to strike certain paragraphs of plaintiff's amendment; and (4) The evidence was insufficient to support the final judgment against defendant. *Held:*

1. The appellee filed a motion to dismiss based upon a failure to enumerate error on the denial of the motion for new trial. Since the appeal is from the judgment overruling the motion for new trial as amended, the motion to dismiss is without merit and is denied. Thus, the law of the case was not established against the appellant by the ruling on the motion for new trial from which there was no appeal, as found in *Campbell v. State,* 123 Ga. App. 116 (179 SE2d 552). This case is not applicable here.

2. The lower court denied the motion for continuance which was based upon the doctor's affidavit. While the court did not pass upon the objections to the affidavit, it is not properly entitled in the cause, and was not admissible in evidence. *Parks v. State,* 110 Ga. 760 (1) (36 SE 73); *Brucker v. O'Conner,* 115 Ga. 95 (41 SE 245); *Horton v. Fulton,* 130 Ga. 466 (3) (60 SE 1059). For this reason alone the court did not abuse its discretion in refusing the continuance regardless of the other reasons for denying the same.

3. The only argument made as to the other errors complained of is as follows: "It is respectfully submitted that . . . [the court] . . . committed the following reversible errors of a fatally prejudicial nature," and thereafter merely setting out the various specifications of error. The appellant having failed to properly argue the various grounds of his complaint according to the rules of this court the same cannot be considered. *Underwood v. Ranger Mfg. Co.,* 116 Ga. App. 803 (159 SE2d 144); *Wall v. Rhodes,* 112 Ga. App. 572 (1) (145 SE2d 756); *Pinyan v. Liberty Mut. Ins. Co.,* 113 Ga. App. 130 (147 SE2d 452); *American Ins.*

*Co. v. Guest Printing Co.,* 114 Ga. App. 775 (3) (152 SE2d 794). *Judgment affirmed. Jordan, P. J., and Quillian, J., concur.* ARGUED JUNE 29, 1971—DECIDED SEPTEMBER 9, 1971— REHEARING DENIED SEPTEMBER 29, 1971—▮▮▮▮▮▮▮

*E. B. Shaw,* for appellant.
*Mackay & Elliott, Thomas W. Elliott,* for appellee.